**In re Clifford FITZGERALD, Debtor.**

**Clifford FITZGERALD, Plaintiff,**

**v.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Defendant.**

**Clifford FITZGERALD, Plaintiff,**

**v.**

**PENN STATE UNIVERSITY, Defendant.**

**Bankruptcy No. 81–02238G.**
**Adv. Nos. 83–0548G, 83–0570G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 26, 1984.

James J. Rahner, Havertown, Pa., for debtor/plaintiff, Clifford Fitzgerald.

Jane G. Penny, Smith B. Gephart, Harrisburg, Pa., for defendant, Pennsylvania Higher Educ. Assistance Agency.

---

Louis Perez, Paul Breen, Philadelphia, Pa., for defendant, Penn State University.

Leo F. Doyle, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question presented in the controversy at bench is whether the debtor has proven hardship to entitle him to a discharge of his student loans under 11 U.S.C. § 523(a)(8) of the Bankruptcy Code ("the Code"). For the reasons expressed below we will deny the discharge of the loans.

The facts of this case are as follows:[1] The debtor is currently twenty-nine years old, is in good health and is single. He initially pursued his higher education at Drexel University ("Drexel") but later transferred to Pennsylvania State University ("Penn State") where he received his bachelor's degree in elementary education. While at Drexel, he incurred indebtedness on a student loan obtained from the Pennsylvania Higher Education Assistance Agency ("PHEAA") which loan has an outstanding balance of approximately $3,740.00. While in attendance at Penn State he borrowed funds from that institution to finance his studies, the current balance of which stands at approximately $2,730.00. On graduating in 1978 the debtor began a search lasting two years for employment in the field of his choice,—elementary education. He failed to secure such a position, and for the past several years he has worked in a group home for mentally retarded adults as a "house parent" and counselor. The debtor earns a gross salary of $11,025.00 per year ($918.75 per month) and, based on a bi-weekly net salary of $353.77, has a net annual salary of $9,198.02 ($766.61 per month). He is actively searching for more lucrative employment. His monthly expenses total $569.00. He has no extraordinary expenses, has no dependents, and believes that all his debts, excluding the two obligations at issue, have been discharged.

Section 523(a) of the Code provides in part that:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

(A) such loan first became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; or

\* \* \* \* \* \*

The legislative history of § 523(a)(8) indicates that this "provision is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978) *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787, 5865. Thus, § 523(a)(8), in conjunction with the legislative history, leads to the conclusion that the debtor bears the burden of proof in asserting that undue hardship is present under § 523(a)(8)(B). *Financial Collection Agencies v. Norman (In Re Norman)*, 25 B.R. 545, 547–49 (Bankr.S.D.Cal. 1982).

The thrust of the debtor's contentions is that he should be discharged from his student loans since his higher education has not aided him in securing a position which justifies the cost of his education. This alone is insufficient to support a finding of hardship. As stated in *Albert v. Ohio Student Loan Commission (In Re Albert)*, 25 B.R. 98, at 102 (Bankr.N.D.Ohio 1982), "The purpose of these educational

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

loans is to provide individuals with the means to improve their educational level and their *chances* for success, not the fact of success." (Emphasis in original.)

 As stated above, the debtor's net monthly income averages $766.51, yet his expenses total only $569.00. The debtor has not explained this discrepancy of $197.49 per month in his budget. This factor alone leads us to conclude that the failure to discharge the student loans will not result in undue hardship, since no evidence was introduced to prove that $197.49 was inadequate for the monthly payments on the student loans. Accordingly we will enter an order denying the debtor's request for a discharge of his student loans.