**UNITED STATES of America**

v.

**Katherine E. BRADBURN.**

**No. IP 85–1472–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 11, 1987.

Harold R. Bickham, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff.

Earl Townsend, Jr., Indianapolis, Ind., for defendant.

STECKLER, District Judge.

This matter is before the Court upon the plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56. This rule states, in part, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). In ruling on a summary judgment motion, the district court must examine the evidence in the light most favorable to the nonmoving party by drawing all reasonable inferences in favor of that party. *See United States Shoe Corp. v. Hackett,* 793 F.2d 161, 166 (7th Cir.1986); *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985). The Court, having examined the motion, the memorandums of law, and other exhibits, now finds that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. The Court now enters the following findings of fact and conclusions of law.

### Findings of Fact

1. Between June 21, 1971 and November 25, 1974, the defendnat executed promissory notes to secure loans of Four Thousand Seven Hundred Ffity Dollars ($4,750.00) from Indiana National Bank.

2. The loans were insured by the Department of Education under Title IV, Part B of the Higher Education Act of 1965 as amended, and the Code of Federal Regulations, Title 34, Part 682.

3. The terms of the notes required repayment beginning twelve (12) months after the defendant ceased carrying at least one-half the normal full-time academic workload at an eligible institution.

4. On or before December of 1975, the defendant ceased carrying at least one-half the normal full-time academic workload.

5. The holder demanded payment according to the terms of the notes, and the defendant defaulted on the obligation.

6. The holder then filed a claim with the Department of Education pursuant to 20 U.S.C. § 1080, for payment of the federal guarantee and assigned all its rights in the notes to the United States, which paid the claim.

7. The defendant filed a petition in bankruptcy in the Bankruptcy Court for the Northern District of Georgia on November 17, 1977. The defendant's debts were discharged on January 28, 1978.

8. The defendant has tendered payments to the Department of Education in the total amount of $187.18. The date of

the defendant's last payment was July 18, 1978. Since that time, the defendant has refused and failed to make further payments on the aforesaid obligations, despite demand by plaintiff.

9. After application of all credits and payments, the defendant remains indebted to the United States in the principal amount of $4,562.82 plus interest of $2,841.11 accrued through June 17, 1986, plus a daily accrual of .000192.

### Conclusions of Law

Based on the foregoing findings of fact, the Court now makes the following conclusions of law:

1. The Court has jurisdiction over the subject matter of this action. 28 U.S.C. § 1345.

2. The defendant's student loan debt was not discharged by the bankruptcy proceeding in the Northern District of Georgia. The dischargeability of student loan debts scheduled on a bankruptcy petition is controlled by the law in effect when the petition in bankruptcy is filed. *In re Kammerud,* 15 Bankr. 1, 9 (Bankr. S.D. Ohio 1980). On November 17, 1977, when the defendant filed her petition in bankruptcy, the dischargeability of student loan debts was governed by Section 439A of the Higher Education Act. 20 U.S.C. § 1087–3 *repealed by* Act of November 6, 1978, Pub. L. No. 95–598, § 317, 92 Stat. 2678. This section provided that student loans were nondischargeable in bankruptcy unless the debt had been due and owing more than five years prior to the filing of the bankruptcy petition. The defendant's debt became due and owing approximately ten months before the defendant filed her petition in bankruptcy, thus it was nondischargeable in bankruptcy under Section 439A of the Higher Education Act.

3. Section 439A of the Higher Education Act was intended to be self-executing, and the Government was not required to file a complaint to determine the nondischargeability of the student loan debt. *See* S. Rep. No. 95–989, 95th Cong., 2d Sess. 79, U.S. Code Cong. & Admin. News 1978, pp.

5787, 5864, 5865 (legislative history of the present provision. 11 U.S.C. § 523(a)(8)).

4. There is no genuine issue as to any material fact and the plaintiff is entitled to judgment as a matter of law.

Accordingly, by reason of the foregoing, the Court hereby

GRANTS the plaintiff's motion for summary judgment.

IT IS SO ORDERED.

### JUDGMENT

Pursuant to the Court's order granting the plaintiff's motion for summary judgment, and the Court on this date having entered its findings of fact and conclusions of law,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be rendered for the United States on its complaint against Katherine E. Bradburn in the amount of Four Thousand Five Hundred Sixty-two and 82/100 Dollars ($4,562.82) principal plus interest of Two Thousand Eight Hundred Forty-one and 11/100 Dollars ($2,841.11) accrued through June 17, 1986, plus a daily accrual of .000192.