**Wayne Callo BUFORD, Debtor,**

v.

**HIGHER EDUCATION ASSISTANCE FOUNDATION, Appellants.**

Civ. A. No. 87–2329–S.

United States District Court,
D. Kansas.

April 15, 1988.

William E. Pray, Leavenworth, Kan., Robert McCarthy, Payco-General American Credits, Inc., Dublin, Ohio, for plaintiffs.

Henry W. Green, Leavenworth, Kan., trustee.

Thomas L. Griswold, Payne & Jones, Overland Park, Kan., William J. Joanis, Briggs and Morgan, Minneapolis, Minn., for defendants.

Office of the Atty. Gen., Robert T. Stephen, Nancy L. Ulrich, Topeka, Kan., for amicus curiae.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This appeal from the bankruptcy court involves application of a statute exempting government-guaranteed higher education loans from discharge. In a nutshell, the Higher Education Assistance Foundation (HEAF) contends that 11 U.S.C. § 523(a)(8), which exempts such loans from discharge, is self-executing and requires no complaint to determine dischargeability as a prerequisite to initiating collection efforts. The Kansas Attorney General's Office has filed an *amicus curiae* brief in support of this position, its interest arising from representation of certain state universities in bankruptcy proceedings filed by student loan debtors who have National Direct Student Loans. The debtor contends that a guaranteed student loan creditor must be required to file a complaint to determine dischargeability prior to seeking enforcement of the debt, whether the student loan debtor is going through bankruptcy proceedings or has already received a discharge.

The facts are simple and uncontroverted. On June 18, 1985, Wayne Callo Buford (debtor) filed a voluntary petition in bankruptcy under Chapter Seven of the Bankruptcy Code. One of his listed debts was $1,500.00 owed to Security National Bank of Kansas City, Kansas. Security National Bank had made an educational loan to the debtor under the Federal Guaranteed Student Loan Program. The loan was guaranteed by the HEAF, and reinsured by the United States Department of Education. HEAF paid Security National Bank under the terms of the guarantee upon default by the debtor. In his bankruptcy petition, defendant acknowledged that he had no defenses to the validity of the debt.

HEAF filed no complaint to determine dischargeability of the debt, but it did file an unsecured claim for $2,191.60. On November 21, 1985, the bankruptcy judge granted the debtor a general discharge. Both parties agree that this general discharge did not affect the student loan debt. It appears that both before and after the actual discharge date, HEAF attempted to collect its debt through the efforts of a collection agency. Because he believed that the loan debt was not properly collectible, on March 24, 1987, the debtor filed a motion for civil indirect contempt against HEAF. The bankruptcy judge denied the motion, but enjoined HEAF from undertaking any activity to collect on the education loan until HEAF filed a complaint to determine dischargeability. HEAF appeals this ruling.

The debtor does not claim that HEAF has waived its right to collect the debt in failing to take some required action during the pendency of the bankruptcy proceeding. In fact, the debtor seemingly does not even contest the nondischargeability of the debt, at least for purposes of this appeal. This entire dispute may be summed up as a fight over who has to initiate an inquiry into the dischargeability of a student loan debt. HEAF contends that the student loan debt is presumed valid, and if the debtor wants to thwart collection efforts or challenge the validity of the debt, he must file an appropriate pleading with the bankruptcy court. The debtor argues that HEAF must file a complaint to determine dischargeability, either during or after the bankruptcy case, in order to collect the debt. Both parties believe that having the burden of going forward in court would be an unfair obligation.

The statute in question reads as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a government unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(A) such loans first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents....

11 U.S.C. § 523. Although the court has been able to locate only one relevant case outside the bankruptcy courts, every published decision has uniformly held section 523(a)(8) to be "self-executing." *E.g., United States v. Bradburn,* 75 B.R. 108 (S.D.Ind.1987); *In re Frech,* 62 B.R. 235 (Bankr.D.Minn.1986); *In re Bawden,* 55 B.R. 459 (Bankr.M.D.Ala.1985); *In re Keenan,* 53 B.R. 913 (Bankr.D.Conn.1985); *In re Fitzgerald,* 40 B.R. 528 (Bankr.E.D. Pa.1984); *In re Washington,* 41 B.R. 211 (Bankr.E.D.Va.1984); *In re Wright,* 7 B.R. 197 (Bankr.N.D.Ala.1980). The primary source of authority for the bankruptcy courts has been Senate Report 989 from the Second Session of the Ninety-fifth Congress, page seventy-nine, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5864:

[T]his provision [referring to the student loan provision] is intended to be self-executing and the lender or institution is not required to file a complaint to determine dischargeability of any student loan.

This language was made in reference to a Senate amendment dealing with nondischargeability of student loans. The House version would have permitted student loans to be discharged unless, pursuant to 11 U.S.C. § 523(c), the creditor filed appropriate pleadings in bankruptcy court to determine dischargeability of the debt. H. Rep. No. 595, 95th Cong., 1st Sess. 132 (1977), pp. 5787, 6093. Senate and House versions of the proposed bill were later reconciled, with the ultimate scheme excluding student loans from the section 523(c) requirement. As the relevant statute now reads, educational loans are simply not dischargeable, with no qualification on nondischargeability except those listed specifically in section 523(a)(8).

The debtor makes several arguments in support of the bankruptcy court's ruling. First, the debtor contends that by not requiring the creditor to first seek nondischargeability in the court, the creditor could violate the protection of the automatic stay and seek collection of the debt while the case is still pending, which the debtor alleges actually occurred in this case. The court believes that the debtor has adequate protection against this. The Code of Federal Regulations prohibits a lender from attempting collection until after the bankruptcy action is concluded. 34 C.F.R. § 682.402(d)(4)(ii) (1987). The court sees no reason why the debtor could not seek the protection of this regulation or the automatic stay and move for injunctive or other relief if the lender initiates collection efforts, just as the debtor did in the present case.

**582**

The debtor also argues that it would not be good policy to require the debtor to initiate efforts to determine dischargeability of the student loan, because this would tax the debtor's finances at a time when there is very little to go around. The only response the court has to this argument is that it should be brought before Congress. The function of this court is to determine Congressional intent and apply it in interpreting the statute.

The court cannot reconcile the bankruptcy court's decision with either the express language of the statute or the legislative history. Although the legislative history is not quite so clear as some of the bankruptcy courts have found, it does intimate that Congress considered requiring student loan creditors to specifically seek a determination of dischargeability in the bankruptcy court before seeking collection. The ultimate statutory scheme did not impose this requirement. Moreover, the statute plainly states that a discharge of the debtor "does not discharge an individual debtor from ... an educational loan" except when the loan has been due more than five years or if repayment of the loan would present an undue hardship upon the debtor. The court finds that this language permits the student loan creditor to seek collection of the debt without having to first file a complaint to determine dischargeability in the bankruptcy court, at least in a case such as the present one in which the debtor has already acknowledged that he has no defenses to the loan. Congress has already created a presumption that student loan debts are not dischargeable. It has placed the burden of challenging that presumption on the debtor. This court has the obligation of enforcing Congress' mandate, even though it may place an undesirable burden on a class of debtors.

IT IS BY THE COURT THEREFORE ORDERED that the decision of the bankruptcy court be REVERSED, and the injunction be dissolved.