UNITED STATES of America,
Plaintiff–Appellee,

v.

Henry P. GLOCKSON, Defendant–
Appellant.

No. 92–2934
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1993.

Steven A. Nisbet, Asst. U.S. Atty., for plaintiff-appellee.

Before BLACK and CARNES, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

The United States brought this action against Henry P. Glockson to recover on three defaulted student loans. The sole issue presented by cross-motions for summary judgment was whether amendments to § 484A(a) of the Higher Education Act of 1965 (HEA), enacted by the Higher Education Technical Amendments of 1991 (HETA), Pub.L. No. 102–26, 105 Stat. 123 (April 9, 1991) (codified as amended at 20 U.S.C. § 1091a(a)), operated to revive actions to recover defaulted student loans previously barred by the six-year statute of limitations. The district court held that the statute of limitations defense had been eliminated, and it entered judgment in favor of the United States from which Glockson has appealed. The issue of first impression presented by this case is whether HETA was intended to revive actions to collect unpaid student loans that were barred by the statute of limitations before HETA was enacted.

The undisputed facts are as follows: From September 10, 1976 through March 10, 1977, Glockson executed three promissory notes to the State of Florida in the principal amount of $2,000.00, plus 7% interest. The notes were insured by the Department of Education. Glockson defaulted on the notes, the Department of Education paid the sum of $2,014.21 to the State of Florida, and the notes were assigned to the Department of Education on March 17, 1978. The United States filed this action on December 17, 1991, more than thirteen years after the notes had

been assigned to the Department of Education.

Prior to the amendments of 1991, under § 484A(a) of HEA the limitations period for suits to collect defaulted student loans was six years commencing from the date a loan or its note was assigned to the Department of Education. *Jones v. Cavazos*, 889 F.2d 1043, 1049 (11th Cir.1989) (discussing the former limitations period in § 484A(a) of HEA, as codified at 20 U.S.C. § 1091a(a) (1990)). Because the loans in this case were assigned to the Department of Education in March of 1978, under prior law the statute of limitations expired in March of 1984 and would have barred this action. However, HETA amended § 484A(a) of HEA to eliminate all statutes of limitations for lawsuits brought to collect defaulted student loans. Section 3(a) of HETA provides that, "[n]otwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken...." Pub.L. No. 102–26, sec. 3(a), § 484A(a)(2), 105 Stat. 123, 124 (April 9, 1991) (codified as amended at 20 U.S.C. § 1091a(a)(2)). Section 3(c) of HETA further provides:

> The amendments made by this section shall be effective as if enacted by the Consolidated Omnibus Budget Reconciliation Act of 1985 (Public Law 99–272), and shall apply to any actions pending on or after the date of enactment of the Higher Education Technical Amendments of 1991 that are brought before November 15, 1992.

*Id.* § 3(c), 105 Stat. at 125.

Glockson maintains that the statute of limitations in this case lapsed prior to the effective date of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), and, accordingly, the Government's right of action was not resuscitated by HETA.[1] Section 16033 of COBRA amended HEA by adding § 484A(a) to that Act, which provided for the former six-year limitations period. Pub.L. No. 99–272, § 16033, 100 Stat. 82, 355–56 (April 7, 1986). Section 3(a) of HETA having

amended § 484A(a) by abolishing the six-year limitations period, § 3(b) of HETA amended COBRA so that § 16041(e) of COBRA now reads as follows: "The amendments made by sections 16033 and 16034 shall apply to all grants, loans or work assistance, including such assistance awarded before the enactment of this Act." Pub.L. No. 102–26, § 3(b), 105 Stat. 123, 125 (April 9, 1991). By stating that HETA shall be effective as if enacted under COBRA, and so amending COBRA to make clear that § 484A of HEA applies to all loans, even those made before COBRA's enactment, it appears to us that Congress intended the HETA amendments to apply retroactively to all student loan collection actions.

Moreover, the legislative history of HETA also reveals that Congress intended to revive all time-barred actions to recover defaulted student loans. Representative Goodling made the following statement in support of the HETA amendments:

> Some questions have arisen regarding the running of the statute of limitations. The amendment would life [sic] the statute of limitations for all time, would apply it retroactively, and would sunset this provision on November 15, 1992 in line with the reauthorization of the Higher Education Act.

137 Cong.Rec. H1813 (daily ed. March 19, 1991) (statement of Rep. Goodling). While we have found no appellate decisions addressing this issue, all of the reported district court decisions of which we are aware have agreed that the HETA amendments operate retroactively to revive otherwise stale claims. *E.g., United States v. Cawley*, 821 F.Supp. 1219, 1221 (E.D.Mich.1993); *United States v. Robbins*, 819 F.Supp. 672, 674 (E.D.Mich. 1993); *United States v. Davis*, 801 F.Supp. 581, 583–84 (M.D.Ala.1992); *United States v. Smith*, 811 F.Supp. 646, 648 (S.D.Ala.1992); *United States v. Wall*, 794 F.Supp. 350, 351–52 (D.Or.1992); *United States v. Davis*, 142 B.R. 293, 296 (S.D.Ind.1992).

Glockson contends that § 3(c) of HETA does not apply, because this action was not

---

1. Glockson does not challenge Congress' power to eliminate the statute of limitations in a way that revives previously barred suits to collect student loans.

"*pending* on or after the enactment of [HETA]" (emphasis added), which occurred on April 9, 1991, as the language of § 3(c) requires. This action was filed after the enactment of HETA, but Glockson argues that it could not have been "pending" after that date because it was barred by the pre-existing statute of limitations. His position, unsupported by any authority, is that once a statute of limitations has passed, an action can never be pending. There is no reason to believe that Congress intended such an un-natural meaning to the word "pending." The issue is whether HETA's pronouncement that "*no limitation shall terminate the period within which suit may be filed*" was intended to revive actions that otherwise would have been time-barred under such limitations periods. Having answered that question in the affirmative, we find Glockson's reading of "pending" untenable.

For these reasons, we hold that the Higher Education Technical Amendments of 1991 do revive actions to collect unpaid student loans that were barred by the statute of limitations before the enactment of that legislation. Accordingly, we AFFIRM the judgment of the district court.