16 F.3d 1221
 89 Ed. Law Rep. 756
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry P. CAWLEY, Defendant-Appellant.
 No. 93-1788.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jerry P. Cawley, appearing pro se, appeals a district court judgment granting summary judgment in favor of the plaintiff on its complaint filed pursuant to the Higher Education Act of 1965, 20 U.S.C. Secs. 1091a-1099. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff, United States, brought this action against Cawley for collection of defaulted student loans. Cawley borrowed a total of $5,000 from the University of Michigan (the University) under the National Direct Student Loan Program between September 1975 and January 1977. The University made loans under the federally funded loan program, authorized under Title IV-E of the Higher Education Act of 1965, amended, 20 U.S.C. Sec. 1087aa et seq. The terms of the promissory notes require repayment, beginning nine months after the debtor ceases to carry at least one-half of the normal full-time academic workload at an eligible institution. On or before April 30, 1979, Cawley ceased carrying such a workload and the University demanded payment. On October 31, 1986, the University assigned all rights and title to the notes to the Department of Education after Cawley defaulted on his obligation. In March 1990, the plaintiff collected a total of $132 by means of the federal and state tax refund offsets and applied that amount toward the balance of Cawley's loan. As of August 1992, the balance due was $6,597.63, which includes $5,000 in principal, $1,510.63 in interest, and $87.00 in administrative costs. Interest continues to accrue at the rate of 3% per annum.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the plaintiff. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Recent federal legislation mandates that there is no statute of limitations for student loan collection actions. See United States v. Glockson, 998 F.2d 896, 897 (11th Cir.1993) (per curiam); see also United States v. Hodges, 999 F.2d 341, 342 (8th Cir.1993) (per curiam). Cawley's remaining defenses also do not apply to bar this action.
 
 
 4
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.