25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond A. MACDONALD, Defendant-Appellant.
 No. 93-1924.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before MERRITT, Chief Judge, and MILBURN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Raymond A. MacDonald appeals the district court's summary judgment against him. MacDonald argues that the district court erred in rejecting his statute of limitations defense and in resolving the merits of the government's student-loan collection action. We affirm.
 
 I.
 
 2
 Between January 12, 1971, and March 9, 1972, MacDonald executed five promissory notes to the University of Chicago as security for some $2900 in federally guaranteed student loans. MacDonald defaulted on the loans on or before October 2, 1973, and refused the University's demands for repayment. The Department of Education, as loan guarantor, paid amounts due to the University, which, in turn, assigned the notes to the Department. The government commenced this action in the district court on January 24, 1992. The district court granted the government's motion for summary judgment in the amount of $2014.89 plus interest.
 
 II.
 
 3
 MacDonald argues that the government's action is barred by the statute of limitations that applied to student-loan collection actions prior to April 9, 1991. See 20 U.S.C. Sec. 1091a(a) (1990). If that statute of limitations were still in effect, the period for filing this action would have expired on May 18, 1985, six years after the University of Chicago assigned MacDonald's loans to the Department of Education. However, the 1991 Higher Education Technical Amendments Act ("HETA") eliminated the statute of limitations for student-loan collection actions "pending on or after [April 9, 1991] that are brought before November 15, 1992." See Sec. 1091a(a) (1991).[1] Therefore, the government's action against MacDonald is not time-barred. See United States v. Phillips, No. 93-16522, --- F.3d ----, 1994 U.S.App. LEXIS 5941, at * 2-* 4 (9th Cir. Mar. 24, 1994); United States v. Hodges, 999 F.2d 341, 342 (8th Cir.1993); United States v. Glockson, 998 F.2d 896, 987-98 (11th Cir.1993).
 
 
 4
 MacDonald disputes the foregoing conclusion, arguing that HETA was intended to apply only to cases which had not yet terminated under the old six-year statute of limitations. However, the language and legislative history of HETA indicate that it was intended "to apply retroactively to all student loan collection actions." Id.
 
 
 5
 MacDonald also argues that the district court erred in granting summary judgment in favor of the government. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). We review a district court's grant of summary judgment de novo. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). Summary judgment is appropriate in this case because no genuine issue of material fact exists and the government is entitled to a judgment as a matter of law.
 
 
 6
 The government satisfied its burden on summary judgment by proving that MacDonald signed promissory notes, received student loans from the University of Chicago, and defaulted on his repayment obligations. See United States v. Irby, 517 F.2d 1042, 1043 (5th Cir.1975). MacDonald now asserts that the government has not shown that he received student loans, since the Department of Education paid monies to the University instead of him. However, this does not raise a genuine issue as to whether the University loaned monies to MacDonald. MacDonald also argues that the University breached its agreement to provide educational services and fraudulently induced him into paying tuition. However, any claims that MacDonald may have against the University for breach of contract or fraud are separate from and independent of this student-loan collection action. See United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir.), cert. denied, 484 U.S. 851 (1987).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Congress has now eliminated the November 15, 1992 "sunset date." See Pub.L. No. 102-325, Sec. 1551, 106 Stat. 838 (1992)