**UNITED STATES of America, Plaintiff,**

v.

**Wayne C. BUFORD, Defendant.**

**Civil Action No. 97–2206–EEO.**

United States District Court,
D. Kansas.

Oct. 6, 1997.

Robert A. Olsen, Office of United States Attorney, Kansas City, KS, for plaintiff.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of defendant Wayne C. Buford to set aside default judgment (Doc. # 5). Plaintiff, the United States of America, has responded and opposes the motion. Defendant has filed a reply, and plaintiff has filed a "supplemental response." This matter is now ready for ruling. For the reasons set forth below, defendant's motion is denied.

### I. *Factual Background.*

On June 18, 1985, defendant Buford filed a petition for voluntary bankruptcy in the United States Bankruptcy Court for the District of Kansas. *See Buford v. Higher Education Assistance Foundation,* 85 B.R. 579, 580 (D.Kan.1988). In his bankruptcy petition, Buford listed as one of his debts a student loan owed to Security National Bank of Kansas City, Kansas. *Id.* The loan was guaranteed by the Higher Education Assistance Foundation ("HEAF"), and reinsured by the United States Department of Education. In his bankruptcy petition, Buford acknowledged that he had no defenses to the validity of the debt. *Id.*

On November 21, 1985, the bankruptcy court granted Buford a general discharge. *Id.* Both parties agreed that this general discharge did not affect the student loan debt. *Id.* Both before and after the actual discharge date, HEAF attempted to collect its debt through the efforts of a collection agency. *Id.* Because Buford believed that the loan debt was not properly collectible, on March 24, 1987, he filed a motion for civil indirect contempt against HEAF. *Id.* The bankruptcy judge denied the motion, but enjoined HEAF from undertaking any activity to collect on the education loan until HEAF filed a complaint to determine dischargeability. HEAF appealed that ruling to the United States District Court for the District of Kansas.

The district court reversed the decision of the bankruptcy court. It reasoned that Congress had created a presumption that student loan debts are not dischargeable, and that statutory language permits the student loan creditor to seek collection of the debt without having to first file a complaint to determine dischargeability in the bankruptcy court, "at least in a case such as the present one in which the debtor has already acknowledged that he has no defenses to the loan." *Id.* at 582.

Thereafter, by letter dated March 28, 1997, the United States made written demand for payment upon Buford. On March 31, 1997, Buford sent a letter to the United States. In the letter, Buford raised his bankruptcy as a defense, and referred counsel for the United States to his bankruptcy counsel, Mr. William Pray. On April 4, 1997, plaintiff responded to Buford's letter of March 31, 1997, informing Buford that Mr. Pray had been contacted; that Mr. Pray advised that although he had represented Buford in the bankruptcy, he no longer represented Buford; and that the student loan was not discharged by the bankruptcy. The April 4, 1997 letter also advised defendant that if arrangements were not made to satisfy the student loan obligation, suit would be filed without further notice.

On April 21, 1997, plaintiff filed suit in the United States District Court for the District of Kansas. The complaint prayed for judgment against Buford for, *inter alia*, the principal sum of the student loan, plus interest. Defendant acknowledged receipt of the summons and complaint by execution of the waiver of service of summons, which was filed with the court on June 4, 1997. By execution of the waiver of service of summons, defendant unequivocally acknowledged the following: "I understand that a judgment may be entered against me ... if an answer or motion under Rule 12 is not served upon you within 60 days after April 21, 1997 or within 90 days after that date if the request was sent outside the United States." Waiver of Service of Summons (Doc. # 2) at 1.

Buford did not serve an answer or motion under Rule 12 upon plaintiff within sixty days of April 21, 1997. Consequently, on June 23, 1997, plaintiff filed its motion for entry of default against Buford, and served a copy of that motion on Buford by mail that same day. Also on June 23, 1997, the court entered default, and awarded judgment in favor of plaintiff. Thereafter, on August 21, 1997, Buford filed a document entitled "Request for Default Judgement [sic] to be Set Aside," which he failed to serve upon plaintiff. On August 28, 1997, plaintiff received a copy of that document from the court.

## II. *Discussion.*

■ A defaulting party has the burden of proving that the default and default judgment should be set aside. *Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939, 940 (10th Cir.1987). Setting aside a default entry or default judgment is addressed to the sound discretion of the trial court; trial courts are given great latitude in exercising their discretion as to whether the movant carried his burden of proving that the default and default judgment were entered erroneously. *Id.*

■ Buford, in the instant motion, appears to be proceeding under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) requires that a movant demonstrate mistake, inadvertence, surprise, or excusable neglect. In addition, to avoid frivolous litigation in default

judgment cases, "courts have established the further requirement that a movant demonstrate the existence of a meritorious defense." *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983) (citing *Olson v. Stone,* 588 F.2d 1316, 1319 (10th Cir.1978)).

■ As justification for his failure to file an answer or motion under Rule 12, Buford states he "thought there would be a hearing date set." He further states that the default judgment should be set aside because of the bankruptcy discharge in 1987. Defendant's Motion to Set Aside Default Judgment at 1.

The court finds that neither excuse constitutes mistake, inadvertence, surprise, or excusable neglect sufficient to satisfy Rule 60(b)(1). As to his claim that he believed the student loan was discharged in bankruptcy, we note the district court's opinion in *Buford v. Higher Education Assistance Foundation,* which clearly stated "[b]oth parties agree that this general discharge did not affect the student loan debt." *Id.* at 580. We also find the reasoning of the court in *Cessna* persuasive. There, the Tenth Circuit, in affirming the district court's denial of defendant's motion to set aside default judgment, stated as follows:

> At best, Bielenberg made an error of law—that he would not be liable by reason of the bankruptcy filing—and then compounded it with an error of judgment in not informing his attorney so that the legal error might have been avoided. Bielenberg was repeatedly warned by Cessna that he would be held personally liable. In this situation, failure to seek advice of counsel does not constitute excusable neglect ...
>
> Based on the contents of the record, or the lack thereof, we find it highly unlikely that Bielenberg and his personal counsel did not know of the need to respond to Cessna's complaint.

*Id.* at 1446.

Nor does Buford's excuse that he "thought there would be a hearing date set" constitute excusable neglect, mistake, inadvertence, surprise, or any other justification within the ambit of Rule 60(b)(1). The waiver of service

of summons form, which Buford duly executed, does not mention a hearing, but instead, unequivocally states: "I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after April 21, 1997 or within 90 days after that date if the request was sent outside the United States." It is undisputed that the request for waiver of service of summons was sent to defendant within the United States, and that Buford did not serve an answer or Rule 12 motion within 60 days of April 21, 1997. Buford has failed to state a basis under Rule 60(b) for relief from judgment.

■ Buford also fails to meet the second prong, inasmuch as he has failed to state a meritorious defense. His claim of discharge in the bankruptcy action is not a valid defense, because in *Buford v. Higher Education Assistance Foundation*, the district court noted otherwise. *See, Buford*, 85 B.R. at 580 (court noted both parties agreed that the general discharge did not affect the student loan debt). Buford did not appeal that decision, and it is now binding on all parties.

In sum, after careful consideration of the record and the applicable law, the court finds that Buford has failed to establish a basis under Rule 60(b) for relief from the judgment, and has not stated a meritorious defense to plaintiff's claim. Accordingly, defendant's motion should be denied.

IT IS THEREFORE ORDERED that defendant Wayne C. Buford's Motion to Set Aside Default Judgment (Doc. # 5) is denied.