**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harry P. BROWN, Defendant– Appellant.**

**No. 00–1994.**

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.*

*ORDER*

Harry P. Brown, proceeding pro se, appeals a district court's order granting the government summary judgment in its action to recover on a student loan debt. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown signed a promissory note for a federally insured student loan in 1975 and

---

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

allegedly defaulted in 1976. In 1999, the government filed the instant action against Brown in federal court to recover on the debt. The district court granted the government's subsequent motion for summary judgment, rejecting Brown's arguments that he had paid the debt and that the government's action was untimely and in violation of the Ex Post Facto Clause and the Due Process Clause.

In his timely appeal, Brown renews his previous arguments.

Upon de novo review, we conclude that the district court properly granted summary judgment to the United States as no genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995). The government filed a copy of the promissory note showing that Brown had borrowed $2,500 at an annual rate of 7% from the Computer Learning Center on December 16, 1975. The government also filed a certificate of indebtedness from the United States Department of Education in which a loan analyst certified that Brown had defaulted on the loan on November 2, 1976, that the holder had filed a claim on the guarantee, and that Brown owed $2,462.85 as of April 15, 1999. In contrast, Brown failed to present any evidence to defeat the government's motion. Although he alleged that he had paid off the loan in 1976 and had discarded the records due to the length of time that had elapsed. Brown did not file an affidavit to this effect nor did he sign any pleading under penalty of perjury.

■ Moreover, the government's action was timely. The Higher Education Technical Amendments of 1991 (HETA) eliminated a six-year statute of limitations for student loan collections in 20 U.S.C. § 1091a(a). Section 1091a(a)(2) now reads, in pertinent part, "no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken ... [for] repayment of the amount due from a borrower on a loan." Other circuits have specifically held that HETA's retroactive abrogation of the statute of limitations does not violate a student loan debtor's due process rights. *See, e.g., United States v. Hodges,* 999 F.2d 341, 342 (8th Cir.1993); *United States v. Glockson,* 998 F.2d 896, 898 (11th Cir.1993).

■ Finally, the retroactive application of HETA does not violate the Ex Post Facto Clause as the Clause is applicable only to criminal or penal proceedings. *See Collins v. Youngblood,* 497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.