**In re Lillie QUINN, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Lillie QUINN, Defendant.**

**Bankruptcy No. 86–426–Bkc–6P3.
Adv. No. 89–15.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 2, 1989.

U.S. Atty. (KWW), Orlando, Fla., for U.S.

Brenda Frank, Rockville, Md., for Public Health Service, Dept. of HHS.

Robert Pflueger, Altamonte Springs, Fla., for debtor.

## ORDER

GEORGE L. PROCTOR, Bankruptcy Judge.

This action came before the Court for a non-jury trial on Wednesday, July 19, 1989. Pursuant to Bankruptcy Rule 7052 and Rule 52(a), Federal Rules of Civil Procedure, the Court enters the following findings of fact and conclusions of law. To determine the facts, the Court considered the witnesses testimony, the exhibits entered into evidence and the pleadings filed in the case. The issue in this case is the dischargeability of a Health Education Assistance Loan (HEAL), in a Chapter 13 proceeding.

### Findings of Fact

The Defendant Lillie Quinn was born August 20, 1953 at Orlando, Florida. Upon graduation from Fisk University, Nashville, Tennessee, Lillie Quinn enrolled at Meharry Medical College at the same city. There she studied dentistry.

In need of financial aid to pursue her medical education, Lillie Quinn, on June 18, 1979 applied for a Health Education Assistance Loan (HEAL). Through the Chase Manhattan Bank, the application for the $4,000. loan was granted and was secured by a promissory note dated August 13, 1979. The loan was scheduled to go into repayment on July 1, 1980. Dr. Quinn made twelve payments then defaulted on the loan. On December 1, 1980 the Student Loan Marketing Association, who purchased the loan from Chase Manhattan, filed an insurance claim with the Department of Health and Human Services for $4,794.57 principal plus interest. On January 31, 1981 Health and Human Services paid of the claim and received an assignment of the note.

Following graduation from Meharry Medical College, Lillie Quinn in 1981 was licensed to practice dentistry in the State of Florida. In 1983 as a sole practitioner, she opened her own office in Sanford, Florida. Since then to the present time she has continued her active practice as a dentist in Sanford. Dr. Quinn purchased the building where her office is located for approximately $85,000. She presently has some five employees working in her office. They each are paid on a regular basis.

In the year 1987 Dr. Quinn's professional association grossed approximately $170–180,000 dollars; in 1988 her professional association grossed $190–194,000 dollars.

Lillie Quinn, is unmarried with one dependent son, age 9. She is in good health and maintains a comfortable life style. She owns two cars, a 1966 Mustang and a 1985 Camaro that she purchased for $10,000. From her professional association, she pays herself a weekly salary of $500.00.

The Plaintiff, United States of America, on January 24, 1989 filed this adversary proceeding seeking a determination of the dischargeability of the HEAL loan and a judgment. The Government contended the loan was not dischargeable pursuant to Title 42, United States Code, Section 294f(g).

Dr. Quinn sought a determination from the Court that pursuant to Title 42, United States Code, Section 294f(g), the nondischarge of the HEAL loan would be unconscionable. Lillie Quinn testified that she was presently unable to make a lump sum payment of the principal balance owing plus interest and penalty but could make monthly payments to pay off the indebtedness.

The Court granted the Plaintiff leave to compute the indebtedness owing through July 20, 1989. That figure is $9,032.90.

### Conclusions of Law

■ The discharge of a HEAL loan is controlled by Title 42, United States Code, Section 294f(g) which provides:

A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under any Chapter of Title 11, United States Code, only if such discharge is granted—

(1) after the expiration of the five-year period beginning on the first date, as specified in subparagraphs (B) and (C) of section 731(a)(2), when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischargeability of such debt would be *unconscionable;* and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) to the borrower and the discharged debt. (Emphasis added.)

For a HEAL loan to be dischargeable, all three of the conditions must be met. *United States v. Lee,* 89 B.R. 250 (N.D.Ga. 1987), *aff'd.* 853 F.2d 1547 (11th Cir.1988); *Matter of Johnson,* 787 F.2d 1179 (7th Cir. 1986). Therefore, the discharge of a HEAL loan is expressly forbidden whenever the period of five years from the start of the repayment period has not expired. After that time, discharge can only be granted if the bankruptcy court makes a finding that the nondischarge of the loan would be *unconscionable. In re Hines,* 63 B.R. 731 (Bkrtcy.D.S.D.1986) *In re Green,* 82 B.R. 955 (Bkrtcy.N.D.Ill.1988).

As five years have passed since the commencement of Dr. Quinn's loan repayment period, July 1, 1980, the Court must determine whether the nondischarge of the HEAL loan would be unconscionable. The Court in deciding this issue has considered the decisions in *Matter of Johnson, In re Hines* and *In re Green, supra.* Following these decisions the standard of unconscionability is stricter than the undue hardship

provision of Title 11, United States Code, Section 523(a)(8). "Unconscionable" is defined as "lying outside the limits of what is reasonable or acceptable," or "shockingly unfair, harsh, or unjust."

In analyzing factual situations of HEAL debtors to make determinations of "unconscionability," courts have considered the debtor's:

1. income;
2. earning ability;
3. health;
4. educational background;
5. dependents, if any;
6. age;
7. accumulated wealth; and
8. professional degree.

■ Here, Dr. Lillie Quinn successfully completed her dental school education to be a dentist. She qualified for and was licensed in 1981 as a dentist in Florida. She continues in good standing as a dentist in Florida today.

In 1982, Dr. Lillie Quinn started her own practice as a dentist in Sanford, Florida. Consistent with that practice, she purchased her office building and dentistry equipment. As her practice grew so did her staff. At the present time she has five employees. Dr. Quinn stated that she is in good health, owns two automobiles, has one nine-year old son, is not married and works on the average of 40 hours per week. Her professional association in 1987 grossed approximately $170,000–$180,000 and in 1988 grossed approximately $190,-000. From that source, Dr. Quinn pays herself a salary of $500 per week and all the other operating expenses of her business. In addition, Dr. Quinn has recently completed a Chapter 13 plan and has thus been cleansed of her dischargeable debts.

Considering that Dr. Lillie Quinn testified that she is financially capable of making at least $300.00 per month payments and also that she is willing to make such payments until her HEAL loan indebtedness is paid in full, based on the evidence before the Court in this case it is not unconscionable to require Dr. Lillie Quinn to repay her HEAL loan.

As the Defendant, Lillie Quinn, has failed to show by competent evidence that it would be unconscionable not to discharge her HEAL loan, it is the finding by the Court that the HEAL loan is not a dischargeable Chapter 13 debt and that Title 42, United States Code, Section 294f(g) is controlling in this case.