PER CURIAM.
 

 I. BACKGROUND
 

 Between 1979 and 1982, Randall Wood applied for Health Education Assistance Loans (HEAL) and executed promissory notes insured by the government for the amounts loaned plus interest. Upon leaving the educational institution, Wood was furnished with a repayment schedule. Because Wood made no payments, the government, through the Health Resources and Services Administration (HRSA), paid the insurance claims filed on behalf of the lenders and took assignment of the loans. Wood, notified of the assignment in October 1983, was provided with a repayment schedule with payments to begin January 1, 1985. He made only 10 payments, a total of $2,090. His liability as of October 31, 1988 was $53,556.51 in principal, plus $1,964.29 in interest and $7,156.16 in late charges, which have continued to accrue at a rate of $16.51 per day and $7.15 per day respectively. On October 3, 1988, Wood filed a bankruptcy petition, in which he named the HRSA as an unsecured creditor. HRSA did not file an objection to the discharge of the loan. The bankruptcy judge made no special findings regarding the HEAL loan and issued a general discharge of Wood’s debts.
 

 This action was brought to recover the amount due the government. The district court granted the government’s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and denied Wood’s motion for judgment on the pleadings. The district court found that the bankruptcy court had not determined that the nondischarge of the debt would be unconscionable under 42 U.S.C. § 294f(g).
 

 Wood admitted all of the allegations in the government’s complaint. The parties do not contest the amounts owed or any other factual issue. The only issue presented is whether Wood’s HEAL loan was discharged in bankruptcy.
 

 II. ANALYSIS
 

 A. Judgment on the Pleadings
 

 A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss.
 
 Thomason v. Nachtrieb,
 
 888 F.2d 1202, 1204 (7th Cir.1989). Therefore, viewing all of the facts in a light most favorable to the non-moving party,
 
 National Fidelity Life Ins. Co. v. Karaganis,
 
 811 F.2d 357, 358 (7th Cir.1987), the district court may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief.
 
 Thomason,
 
 888 F.2d at 1204. The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true.
 
 Flora v. Home Federal Sav
 
 
 *1582
 

 ings and Loan Ass’n,
 
 685 F.2d 209, 211 (7th Cir.1982). However, the district court may take into consideration documents incorporated by reference to the pleadings.
 
 Goldman v. Belden,
 
 754 F.2d 1059, 1065-66 (2d Cir.1985);
 
 see also
 
 Fed.R.Civ.P. 10(c). The district court may also take judicial notice of matters of public record.
 
 See generally Louisiana ex rel. Guste v. United States,
 
 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986),
 
 aff'd,
 
 832 F.2d 935 (5th Cir.1987), ce
 
 rt. denied,
 
 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988); Wright & Miller, Federal Practice and Procedure: Civil 2d § 1357 (Supp.1989).
 

 Wood argues first that judgment on the pleadings was improper because the bankruptcy file was not part of the pleadings and because the district court failed to include portions of that file with its judgment. Wood’s contention has no merit. Not only did Wood refer to the bankruptcy proceedings in his affirmative defense, he does not dispute the contents of the proceedings. On the contrary, Wood asked the district court to take judicial notice of the fact that the bankruptcy court did not make a finding of unconscionability regarding the HEAL loan. Also, Wood himself moved for judgment on the pleadings on the basis of the bankruptcy proceeding. Under these circumstances, the district court judge did not err in treating the bankruptcy decision as having been incorporated by reference.
 
 See National Ass’n of Pharmaceutical Mfrs. v. Ayerst Laboratories,
 
 850 F.2d 904, 910 n. 3 (2d Cir.1988).
 

 B. Dischargeability of HEAL Loans
 

 Wood insists that his HEAL loan was discharged in bankruptcy. The dis-chargeability of a HEAL loan is governed by 42 U.S.C. § 294f(g). Under section 294f(g), a HEAL loan is not dischargeable in bankruptcy unless: 1) five years have passed from the date that repayment begins; 2) the bankruptcy court finds that nondischarge would be unconscionable; and 3) the Secretary has waived certain rights.
 
 See In re Johnson,
 
 787 F.2d 1179, 1181 (7th Cir.1986). All three of the conditions must be satisfied in order for the HEAL loan to be discharged.
 
 In re Quinn,
 
 102 B.R. 865, 867 (Bankr.M.D.Fla.1989);
 
 In re Green,
 
 82 B.R. 955, 957 (Bankr.N.D.Ill.1988).
 

 The dispute in this case centers around the burden of initiating the inquiry into the second of the conditions, uncon-scionability. This issue is one of first impression in this circuit. Wood argues that under Rule 4007 of the Federal Rules of Bankruptcy the government was required to file an objection to the discharge within 60 days of notice of the bankruptcy proceedings. He contends that the government waived its right to have the bankruptcy court determine whether the nondis-charge of his HEAL loan would be unconscionable by not objecting to the discharge of the HEAL loan. Wood notes that the government has usually filed an objection to the discharge of these loans.
 
 E.g., Johnson,
 
 787 F.2d 1179;
 
 Green,
 
 82 B.R. 955;
 
 In re Cleveland,
 
 64 B.R. 810 (Bankr.S.D.Cal.1986).
 

 The government, on the other hand, contends that it was not necessary to state an objection, despite its practice in other cases, because the HEAL loan is not dis-chargeable without the specific finding of unconscionability. While Rule 4007(c) gives a creditor 60 days to file a complaint to determine the dischargeability of a debt pursuant to § 523(c), the government notes that Rule 4007(b) allows a complaint other than under § 523(c) to be filed at any time.
 
 In re Williams,
 
 96 B.R. 149, 151 (Bankr.N.D.Ill.1989). Moreover, “a debtor, through the medium of a [bankruptcy] [p]lan, can[not] override the terms of 42 U.S.C. §-294f(g).”
 
 In re Gronski,
 
 65 B.R. 932, 936 (Bankr.E.D.Pa.1986).
 

 Another district court was faced with a similar case. There the debtor argued that the creditor must file a complaint to determine the dischargeability of a student loan in bankruptcy under 11 U.S.C. § 523(a)(8).
 
 Buford v. Higher Educ.
 
 Assistance
 
 Foundation,
 
 85 B.R. 579, 581 (D.Kan.1988). Under section 523(a)(8), an educational loan is not dischargeable in bankruptcy unless it became due five years before the filing of the petition or unless it
 
 *1583
 
 would impose undue hardship on the debt- or. The legislative history of section 523(a)(8) indicates that the statute was meant to be self-executing so that the creditor would not be required to file a complaint to determine the dischargeability of a student loan.
 
 Id.
 
 at 581 (citing S.Rep. No. 989, 95th Cong., 2d Sess. 79,
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 5865). The district court noted that Congress had created a presumption that student loans are nondischargeable in bankruptcy, and therefore the burden of challenging that presumption falls on the debtor.
 
 Id.
 

 Section 523(a)(8) and section 294f(g) are comparable. Section 294f(g) was reenacted in 1981.
 
 Johnson,
 
 787 F.2d at 1182. The reenactment made the discharge of HEAL loans more difficult than the original enactment.
 
 Id.
 
 Additionally, the requirements of section 294f(g) are more stringent than those in section 523(a)(8). The debtor must show undue hardship under section 523(a)(8), whereas section 294f(g) requires the higher standard of unconscionability.
 
 In re Hines,
 
 63 B.R. 731, 736 (Bankr.D.S.D. 1986). The language of section 294f(g) details the findings that are necessary to negate the presumption of nondischarge-ability of the HEAL loans, just as section 523(a)(8) does with other educational loans. The reasoning that section 523(a)(8) is self-executing regarding general educational loans similarly applies to section 294f(g) regarding HEAL loans. Congress explicitly decided which factors must be determined before a HEAL loan could be discharged in bankruptcy. It created no exception to its mandate other than those listed in the statute. Congress, presumably aware of the fact that the earlier statute, section 523(a)(8), was self-executing, did not expressly place the burden of raising the dischargeability of the HEAL loan on the creditor.
 

 Finally, this court has stated that “when any debtor is seeking to discharge [a] HEAL loan, he or she must meet the three requirements specified in section 294f(g).”
 
 Johnson,
 
 787 F.2d at 1182. This statement also indicates that this court’s interpretation of the burden of initiating an inquiry into the dischargeability of a HEAL loan under section 294f(g) falls upon the debtor, not the creditor.
 

 Accordingly, we hold that 42 U.S.C. § 294f(g) is self-executing and that the burden is on the debtor to request a determination of dischargeability of a HEAL loan. The decision of the district court is AfFIRMED.