In re Walter F. JOYNER, Debtor.

Walter F. JOYNER, Plaintiff

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 91–20537–2.
Adv. No. 92–2029–C

United States Bankruptcy Court,
W.D. Missouri.

Sept. 23, 1992.

Vernon A. Poschel, Asst. U.S. Atty., Kansas City, Mo., for U.S.

James W. Riner, Jefferson City, Mo., for debtor.

John C. Reed, Jefferson City, Mo., trustee.

## ORDER

FRANK W. KOGER, Chief Judge.

On June 1, 1992, Walter Forrest Joyner and his spouse, Katherine McGeehan Joyner, filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. From the statements and schedules it appears that Mr. Joyner had been in business as an optometrist and unfortunately had not been successful although he obviously had a fairly substantial income. The debtors listed $66,748.00 of secured claims. They also listed $111,345.09 as priority claims. These were comprised of taxes owing to the federal government, the state government, the county government and the city government. Finally debtors listed $198,983.78 as unsecured and non-priority debts. Included within this latter category was a debt due to the United State of America by virtue of a judgment rendered in District Court based upon a Health Education Assistance Loan (HEAL). The balance due on that judgment as of June 30, 1992, was $33,087.98. Dr. Walter F. Joyner, only, is

obligated for this loan and he filed the instant adversary action to determine whether or not his loan to HEAL was dischargeable. In his complaint and suggestions in support thereof (after the filing of a Motion for Summary Judgment by the United States Government), Dr. Joyner asserts that he is married and has five minor children. His current net monthly income is $4,194.00. Debtor's attorney recognizes that he has an extremely difficult hill to climb in attempting to declare a HEAL loan dischargeable. However, he does proceed on a rather unique line of argument. He claims that because 11 U.S.C. § 523(a)(8) has been amended and is, therefore, the most recently enacted statute pertaining to student loans, it should prevail over 42 U.S.C. § 294(f)(g). The United States Government differs most vigorously.

It is upon the Motion of the United States Government for Summary Judgment together with Suggestions in Support Thereof filed September 4, 1992, and the Suggestions of the debtor filed August 6, 1992, that this ruling is made.

## BACKGROUND

Debtor obtained his HEAL loan in 1981. He received principal of $9,070.00 and the note he signed provided for a variable interest rate. Debtor was supposed to commence repayment on February 1, 1983, but failed to do so. Between June of 1985 and January of 1987, debtor made six payments totaling $600.00. Finally the loan was referred to the Department of Justice for enforced collection and a judgment was issued in the Western District of Missouri on August 30, 1989, for $25,606.56. That was the principal balance, plus the interest, plus attorney fees and less the $600.00 paid on the note.

The debtor is now 42 years of age, a duly licensed optometrist, as far as any evidence reveals, in good health, and the father of five children all of whom are apparently residing in the family home.

■ The first issue that needs to be resolved is whether 11 U.S.C. § 523(a)(8) dictates the standard to be applied or whether 42 C.F.R. § 60.8(b)(5) provides the standard which the Court should apply. It is debtor's argument that since the former statute was later passed than the latter statute, it should control, since it is the latest expression of the intent of Congress. This point must be ruled against the debtor. There are several reasons. In the first place where the general rule of interpretation that the debtor advocates comes into play is when there is a later *enacted* statute. Normally the fact that a statute is merely amended does not change the date of enactment and does not call into play the interpretation relied upon by the debtor. It's interesting to note that 11 U.S.C. § 523 was amended in 1984 by Public Law 98–353. This is clearly after the date of enactment of the HEAL statute in 1981. Nevertheless, courts have unanimously held that the HEAL statute rather than the Bankruptcy Code governs the dischargeability of a HEAL loan. *In re Cleveland,* 89 B.R. 69 (9th Cir.1988); *U.S. v. Wood,* 925 F.2d 1580 (7th Cir.1991).

Further the legislative history of Public Law 101–647 shows that Congress did not intend to replace the more stringent HEAL discharge criteria with those of the Bankruptcy Code itself. To quote Representative Jack Brooks (D.Texas) the following is offered for some insight as to the congressional intent.

"Concern has been expressed that Section 201 might be construed to supersede the more programmed-specific dischargeability provisions contained in statutes such as the Public Health Service Act. But the legislative intention in passing Senate Bill 84 is that Section 201 will cover only those debts which are now covered by Section 523(a)(8) of the Bankruptcy Code rather than by these more specific statutes. The dischargeability of loans and obligations, such as those entered into under the Public Health Service Act would continue to be determined by the provision in the more programmed-specific statutes." H.R. 5891, 101 St. Congress, 2d Sess., 150–Part II, Cong.Rec. H13289 (daily edition October 27, 1990).

234

 It, therefore seems clear at least to this Court, that the more stringent standard of the HEAL loan is to be applied to the facts in each case to determine whether said loan is dischargeable vel non. The HEAL standards are three in nature. First, a loan which has been unpaid prepetition for more than five years after the first date the loan became due. Second, the Bankruptcy Court has to find that nondischarge of such debt would be unconscionable. Third, the Secretary of Health & Human Services shall not have waived the right to apply subsection (f) of this section to the borrower and the discharged debt. Obviously the only one of these conditions that is at issue here is number second above.

 Applying the unconscionable standard to this case results in the finding and conclusion that it is not unconscionable to make the debtor pay the HEAL loan. Debtor is a duly licensed doctor who received his degree as a result of a HEAL loan. Granted he only got some $9,000.00 and now has to repay some $33,000.00, but that is because of his conscious decision not to pay in the past. Had he promptly paid the loan as agreed, the interest would not have mounted nor would attorney fees or costs come into play. Debtor apparently has not filed tax returns for some five years, but in response to interrogatories stated that his gross income for the year 1991 was $74,500.00. Furthermore his schedules indicate that debtor is anticipating a net income each month in excess of $4,900.00. That indicates to the Court that his gross income is not substantially reduced at this time and that debtor can look forward to a substantial income going forward. Further, debtor has wiped out some $200,000.00 worth of debt even though he still owes the federal, state, county and city government over $100,000.00 in unpaid taxes.

 It strikes the Court that this loan made through the generosity of the United States of America, is a debt which debtor should be happy to pay since it has and will enable him to obtain an income far beyond that enjoyed by over 90% of his fellow citizens of the State of Missouri. Even if this Court had concluded that the 11 U.S.C. § 523(a)(8) standards of undue hardship were to be applied to the facts in this instant case, debtor still would not get a discharge as to this loan. There is nothing to indicate debtor has bad health. There is nothing to indicate that any of debtor's dependents have bad health. The only hardship is the one caused by the debtor in not paying his income taxes, his sales taxes, his personal property taxes, his real estate taxes and his government loans. Granted, debtor will have a tremendous debt load to take forward even though he has washed away $200,000.00 in bankruptcy. Nevertheless, it is a load which the debtor must bear and which this Court will not relieve him of under the circumstances.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.