This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nicholas Hammerschmidt, has appealed from the order of the Summit County Court of Common Pleas granting Appellee, Wyant Woods Care Center, judgment on the pleadings on the basis of res judicata. We affirm.
On April 20, 1998, Appellant filed a complaint in the Medina County Court of Common Pleas alleging wrongful termination pursuant to R.C.4123.90. On August 20, 1998, the trial court granted summary judgment to Appellee on the basis that the claim was time barred. Appellant then filed a new action in the Summit County Court of Common Pleas alleging that he was discharged in violation of public policy. On February 12, 1999, Appellee moved the court for judgment on the pleadings. On August 20, 1999, the court granted Appellee's motion. Appellant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred to the prejudice of [Appellant] in barring his claims for wrongful termination in violation of public policy and punitive damages based upon the defense of the doctrine of res judicata.
In his assignment of error, Appellant has argued that the trial court improperly granted judgment upon the pleadings based upon res judicata. Appellant has further alleged that because the claim that was originally dismissed and the instant case are based upon different theories of recovery and require different proofs, the doctrine of res judicata was improperly applied to this case. We disagree.
The doctrine of res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes." Brown v. Felsen (1979), 442 U.S. 127, 131,60 L.Ed.2d 767, 771. "Its enforcement is essential to the maintenance of social order: for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if * * * conclusiveness did not attend the judgments of such tribunals * * *." Southern Pacific Rd.Co. v. United States (1897), 168 U.S. 1, 49, 42 L.Ed. 355, 377.
This Court notes initially that, procedurally, the trial court was permitted to take judicial notice of the order by the Medina Court of Common Pleas in reviewing Appellee's motion for judgment on the pleadings since the judgment was incorporated into the pleadings and was set forth in the pleadings as an affirmative defense. See United States v. Wood
(C.A.7, 1991), 925 F.2d 1580, 1582.
Appellant has argued that the doctrine of res judicata does not bar the instant claim because it is premised upon different proofs. The fact that Appellants have attempted to pursue a different theory of recovery is immaterial to the application of the doctrine of res judicata. The Supreme Court of Ohio noted in Rogers v. Whitehall (1986),25 Ohio St.3d 67, 69, that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." The Supreme Court further noted in National Amusements, Inc v. City of Springdale (1990),53 Ohio St.3d 60, 62, that "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." As stated in Henderson v. Ryan
(1968), 13 Ohio St.2d 31, "[t]o save time and to relieve court congestion, parties are encouraged, if not commanded, to litigate all their claims in one action, except to the extent that joinder of multifarious and complex issues would produce confusion and prejudice."Id. at 38.
The underlying facts in this case are identical to those which led to the original filing in the Medina County Court of Common Pleas. While the trial court in the initial case did not rule upon the merits of Appellant's claim for wrongful termination in violation of public policy, Appellant could have brought this action at the same time as the original case. Judicial economy, therefore, demands that this claim be brought at the same time as the initial complaint or else be barred by resjudicata. Thus, the trial court did not err in granting judgment on the pleadings as the claim was barred by res judicata.
Appellant's assignment of error is without merit and overruled.[1]
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
BATCHELDER, P.J., CONCURS.
[1] Appellee, in its brief has asserted that "Plaintiff and counsel's actions in bringing this case and appeal constitute frivolous conduct under R.C. 2323.51 and this matter should be remanded to the trial court for a hearing on the issue of frivolous conduct." Appellee's request for remand is unnecessary. The trial court retains jurisdiction to rule on all matters not inconsistent with this Court's jurisdiction. Additionally, this Court's jurisdiction over the matter at hand ceases upon the release of this Court's opinion in the matter. Therefore, upon the release of this opinion the trial court has jurisdiction to rule upon a motion for sanctions pursuant to R.C. 2323.51.