**In re Christopher J. WHITCOMB, Debtor.**

**John and Sara Peterman and Reactence, Inc., Plaintiffs,**

**v.**

**Christopher J. Whitcomb, Defendant.**

**Bankruptcy No. 03 B 23531.
Adversary No. 03 A 03922.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 20, 2004.

Bruce C. Scalambrino, Esq., Gregg J. Simon, Esq., Scalambrino & Arnoff, Chicago, IL, for Plaintiffs.

Fred Speck, Esq., Law Offices of Fred Speck, Ltd., Chicago, IL, for Defendant.

Brenda Porter Helms, Esq., Chicago, IL, trustee.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of John and Sara Peterman (the "Petermans") and Reactence, Inc. ("Reactence") for judgment on the pleadings pursuant to Federal Rule of Bankruptcy Procedure 7012(c) and Federal Rule of Civil Procedure 12(c) on Count III[1] of the amended complaint filed by the Petermans and Reactence against Christopher J. Whitcomb (the "Debtor") wherein they seek a finding that the debt owed to them by the Debtor is non-dischargeable under 11 U.S.C. § 523(a)(19). For the reasons set forth herein, the Court grants the motion for judgment on the pleadings under Count III of the amended complaint. The Court finds the debt owed by the Debtor to the Petermans and Reactence non-dischargeable under § 523(a)(19).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. FACTS AND BACKGROUND

On October 21, 2003, the Petermans and Reactence filed a nine-count amended complaint alleging in Count III that the debt owed to them by the Debtor is non-dischargeable under § 523(a)(19). See Ex. 1 to Motion for Judgment on the Pleadings. On November 21, 2003, the Debtor filed his answer to the amended complaint. See Ex. 2 to Motion for Judgment on the Pleadings. In his answer, the Debtor admits that the Petermans and Reactence filed a lawsuit in the District Court of Dallas County, Texas, against, among others, the Debtor (the "State Court Complaint"). See Amended Complaint and Answer, ¶s 28; Ex. 1 to Amended Complaint. The Debtor further admits that the State Court Complaint alleged, among other things, that the Debtor defrauded, fraudulently induced and made false representations to the Petermans, which induced them to purchase $200,000.00 worth of common stock in LiquiVision Entertainment, Inc. ("LiquiVision"). Amended Complaint and Answer, ¶s 29; Ex. 1 to Amended Complaint, ¶s 23–26, 30–31. Finally, the Debtor admits that he entered into a settlement agreement and mutual

---

1. In their motion, the Petermans and Reactence request judgment on the pleading under Count IX of the amended complaint, which according to them, seeks a determination that the debt is non-dischargeable under 11 U.S.C. § 523(a)(19). Count IX, however, seeks a determination that the debt is non-dischargeable under 11 U.S.C. § 523(a)(4). Indeed, Count III of the amended complaint seeks relief under § 523(a)(19). Accordingly, the Court assumes that the motion seeks judgment on the pleading under Count III, not Count IX as mistakenly referenced in the motion.

release (the "Settlement Agreement") with the Petermans and Reactence, which settled the State Court Complaint. Amended Complaint and Answer, ¶ s 31; Ex. 2 to Amended Complaint. Further, on September 9, 2002, an agreed judgment order was entered by the state court which settled the State Court Complaint. Ex. 2A to Amended Complaint. The agreed judgment order provided that the Debtor agreed that he damaged the Petermans and Reactence and was indebted to them in the sum of $300,000.00 plus post-judgment interest at the rate of 9% per annum from the date of the judgment until paid and all court costs. *Id.*

## III. *APPLICABLE STANDARDS*

### A. *Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7012, provides as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (citations omitted). When deciding a motion for judgment on the pleadings, a court may consider only the contents of the pleadings. *Alexander v. City of Chi.,* 994 F.2d 333, 336 (7th Cir.1993); *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.),* 183 B.R. 812, 817 (Bankr.N.D.Ill.1995) (citation omitted). However, courts may consider documents incorporated by reference in the pleadings. *United States v. Wood,* 925 F.2d 1580, 1582 (7th Cir.1991) (citation omitted). Courts may also take judicial notice of matters of public record. *Id.* (citations omitted).

A motion for judgment on the pleadings is determined by the same standard applied to a motion to dismiss for failure to state a claim. *Wood,* 925 F.2d at 1581 (citation omitted). Pursuant to Rule 12(c), a motion for judgment on the pleadings is properly granted if the undisputed facts appearing in the pleadings, supplemented by any facts of which a court should take proper judicial notice, clearly entitle the moving party to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir.1987) (*citing Flora v. Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir.1982)). A moving party must clearly establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. *Id. See also A.D.E. Inc. v. Louis Joliet Bank & Trust Co.,* 742 F.2d 395, 396 (7th Cir.1984) (judgment on the pleadings is appropriate only if it is a "certainty" that the defendant is liable).

For purposes of considering Rule 12(c) motions, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N.R. Co.,* 878 F.2d 1020, 1022 (7th Cir.1989) (*citing Republic Steel Corp. v. Pa. Eng'g Corp.,* 785 F.2d 174, 177 n. 2 (7th Cir.1986)). In ruling on a motion for judgment on the pleadings, courts must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v.*

*Sheahan,* 107 F.3d 459, 461 (7th Cir.1997) (citations omitted); *Nat'l Fid. Life,* 811 F.2d at 358 (*citing Republic Steel,* 785 F.2d at 177 n. 2). Courts are not bound, however, by the legal characterizations contained in the pleadings. *Nat'l Fid. Life,* 811 F.2d at 358; *Republic Steel,* 785 F.2d at 177 n. 2, 182–83 (citations omitted). When a written instrument incorporated in the pleadings contradicts allegations in the complaint, the exhibit "trumps the allegations." *N. Ind. Gun,* 163 F.3d at 454 (citations omitted).

Under the second sentence of Rule 12(c), a court may, if it chooses, consider matters outside the pleadings as if the motion were one for summary judgment. This alternative use of the Rule, however, provides that the motion cannot be granted if a genuine issue of material fact is presented under the summary judgment standards employed under Rule 56 and its bankruptcy analogue, Bankruptcy Rule 7056.

**B. *11 U.S.C. § 523(a)(19)***

 The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Harasymiw,* 895 F.2d 1170, 1172 (7th Cir.1990); *Banner Oil Co. v. Bryson (In re Bryson),* 187 B.R. 939, 961 (Bankr.N.D.Ill.1995). The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *See also In re McFarland,* 84 F.3d 943, 946 (7th Cir.), *cert. denied,* 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994). To further the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor." *In re Scarlata,* 979 F.2d 521,

524 (7th Cir.1992) (*quoting In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985)). *Accord In re Morris,* 223 F.3d 548, 552 (7th Cir.2000); *In re Reines,* 142 F.3d 970, 972–73 (7th Cir.1998), *cert. denied,* 525 U.S. 1068, 119 S.Ct. 797, 142 L.Ed.2d 659 (1999).

Section 523(a)(19) of the Bankruptcy Code provides in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(19) that—

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19). The Corporate and Criminal Fraud Accountability Act of 2002, popularly known as the Sarbanes–Oxley Act, added subparagraph 19 to § 523(a) effective July 30, 2002. *See* Pub.L. No. 107–204, § 803, 116 Stat. 745,

801 (2002); *see also Smith v. Gibbons (In re Gibbons)*, 289 B.R. 588, 591–94 (Bankr. S.D.N.Y.2003) (extensive discussion of the legislative history).

■ Section 523(a)(19) makes a debt non-dischargeable if two conditions are met: (1) the debt is for the violation of certain federal securities laws, state securities laws or regulations under the federal or state securities laws or is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and (2) the debt results from a judgment, order, consent order or decree in a federal or state judicial or administrative proceeding or any settlement agreement entered by the debtor or any court or administrative order for the payment of damages, a fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost or other payment owed by the debtor.

## IV. *DISCUSSION*

■ Initially, the Court notes that the Debtor failed to file a response to the instant motion in accordance with the briefing schedule set by the Court on December 18, 2003. Thus, the Court will proceed in absence of the Debtor's timely response. The Court finds that the Petermans and Reactence have demonstrated, based upon the undisputed facts contained in the pleadings, including the Settlement Agreement and the agreed judgment order, that they are entitled to judgment as a matter of law. Both elements under § 523(a)(19) are present. First, the Debtor admits and the Court finds, the State Court Complaint alleged that the debt results from fraud, fraudulent inducement and fraudulent misrepresentations made by the Debtor and others, which induced the Petermans to purchase common stock in LiquiVision. *See* Ex. 1 to Amended Complaint, ¶s 23–26, 30–31. Finally, the Debtor admits and the Court finds, the debt results from the Settlement Agreement entered into by the Debtor for the payment of damages. *See* Ex. 2 to Amended Complaint. Specifically, the Settlement Agreement provided that the Debtor agreed to enter into an agreed judgment with the Petermans and Reactence in the sum of $300,000.00. *Id.* Further, the agreed judgment order was entered by the state court on September 9, 2002, after the effective date of § 523(a)(19), in connection with the settlement of the State Court Complaint, by which the Debtor agreed to entry of the judgment against him. *See* Ex. 2A to Amended Complaint. Accordingly, both requisite elements under § 523(a)(19) have been shown. Therefore, the Court grants the motion for judgment on the pleadings under Count III of the amended complaint and holds that the debt owed by the Debtor to the Petermans and Reactence is non-dischargeable under § 523(a)(19).

## V. *CONCLUSION*

For the foregoing reasons, the Court grants the motion of the Petermans and Reactence for judgment on the pleadings under Count III of the amended complaint. The Court finds the debt owed by the Debtor to the Petermans and Reactence nondischargeable under § 523(a)(19). The scheduled pretrial conference set for February 26, 2004 will proceed on the remaining counts of the amended complaint.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## *ORDER*

For the reasons set forth in a Memorandum Opinion dated the 20th day of Janu-

ary, 2004, the Court grants the motion of John and Sara Peterman and Reactence, Inc. for judgment on the pleadings under Count III of the amended complaint. The Court finds the debt owed by Christopher J. Whitcomb to John and Sara Peterman and Reactence, Inc. nondischargeable under 11 U.S.C. § 523(a)(19).