FILED

MAY 31 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   EC-11-1512-MkHKi |
| | ) | |
| TIMOTHY R. TAYLOR, | ) | Bk. No.   98-38409 |
| | ) | |
| Debtor. | ) | Adv. No.   11-02356 |
| _____ | ) | |
| | ) | |
| TIMOTHY R. TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE; | ) | |
| U.S. DEPARTMENT OF EDUCATION; | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES; OFFICE OF THE | ) | |
| INSPECTOR GENERAL, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
On May 1, 2012

Filed – May 31, 2012

Appeal From The United States Bankruptcy Court
for the Eastern District of California

Honorable Christopher M. Klein, Chief Bankruptcy Judge, Presiding

---

Appearances:   Appellant Timothy R Taylor, M.D. pro se on brief; Benjamin B. Wagner, United States Attorney, and Jeffrey J. Lodge, Assistant United States Attorney, on brief for Appellees.

---

Before:   MARKELL, HOLLOWELL and KIRSCHER, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

**INTRODUCTION**

Debtor Timothy Taylor ("Taylor") appeals the bankruptcy court's order (1) denying his motion for an order to show cause re contempt ("Contempt Motion"), and (2) dismissing the adversary proceeding deemed commenced by the filing of his Contempt Motion. We MODIFY the dismissal order as stated herein and, as modified, AFFIRM.

**FACTS**

The key facts are undisputed. Taylor filed a chapter 7[1] bankruptcy petition in November 1998. He attached to his petition a document entitled "Declaration Of Timothy R. Taylor In Support Of Petition For Discharge Of Student Loans Under Hardship Code Sec. 523(a)(8)(B)" ("Discharge Declaration").[2] Based on allegations of undue hardship, Taylor requested in his Discharge Declaration that the court discharge his student loan debt. Taylor never served his Discharge Declaration on anyone, and the bankruptcy court never explicitly addressed it. In January 1999, the chapter 7 trustee filed a report representing that there were

_____

[1]Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, in effect prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, 119 Stat. 23 (Apr. 20, 2005). All Civil Rule references are to the Federal Rules of Civil Procedure.

[2]Before October 1998, § 523(a)(8) alternately allowed a student loan to be discharged either if it first became due seven years or more before the bankruptcy filing (§ 523(a)(8)(A)), or if excepting it from discharge would cause undue hardship (§ 523(a)(8)(B)). Congress amended § 523(a)(8) so that, for cases filed after October 7, 1998, the only ground for discharging student loans was undue hardship.

2

no assets to be distributed to creditors. Shortly thereafter, in March 1999, the bankruptcy court granted Taylor a discharge by entering an order ("Discharge Order") containing the language set forth in Official Form 18 – the version of that form in effect between 1991 and 1997.[3] The Discharge Order Provided:

IT IS ORDERED that:

1. The above-named debtor(s) is (are) released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor(s) with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6), and (15) of 11 U.S.C. § 523(a);

(c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor(s).

Discharge Order (Mar. 23, 1999) at p. 1. In August 1999, the bankruptcy court entered its Final Decree closing Taylor's bankruptcy case.[4]

But that was not the end of Taylor's bankruptcy case. In May 2011, Taylor filed his Contempt Motion, which the bankruptcy

---

[3]The use of the outdated official form is discussed more fully below. See infra note 8 and accompanying text.

[4]In 2007, Taylor filed another bankruptcy case in the United States Bankruptcy Court for the District of Hawaii. That bankruptcy case has no bearing on Taylor's Contempt Motion or this appeal.

3

court deemed to be a complaint commencing an adversary proceeding.

Taylor named the above-captioned appellees ("Appellees") as respondents to his Contempt Motion. Taylor asserted that the Appellees had violated the Discharge Order by taking action to collect on his discharged student loan debts. The Appellees filed a motion to dismiss Taylor's Contempt Motion, arguing that Taylor's student loan debt had not been discharged, and thus they has not violated the Discharge Order by attempting to collect the debt.[5]

Both sides filed additional papers in support of their respective positions, and the court held a hearing on the dismissal motion, after which it issued a memorandum decision essentially agreeing with the Appellees' position. Based on its memorandum decision, the court entered on September 19, 2011, an order denying Taylor's Contempt Motion and dismissing the adversary proceeding. Taylor timely filed his appeal on September 21, 2011.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err when it dismissed Taylor's

---

[5]The Appellee's alternately requested judgment on the pleadings under Civil Rule 12(c). The bankruptcy court did not grant any relief on that basis, so we will not discuss it any further.

4

Contempt Motion?

**STANDARD OF REVIEW**

We review de novo the bankruptcy court's dismissal under Civil Rule 12(b)(6).  Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011).  "When we conduct a de novo review, 'we look at the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered, giving no deference to the bankruptcy court's determinations.'" Id. (quoting Charlie Y., Inc. v. Carey (In re Carey), 446 B.R. 384, 389 (9th Cir. BAP 2011)).

**DISCUSSION**

**A.  Applicable Standards For Motions To Dismiss**

This panel applies the same legal standards to Civil Rule 12(b)(6) motions as do all federal courts.[6]  In re Belice, 461 B.R. at 573.  We therefore accept as true all well-pleaded allegations contained in the plaintiff's initial pleading, but we need not accept as true "conclusory statements, statements of law, or unwarranted inferences cast as factual allegations."  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57  (2007).

As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

---

[6]Rule 7012(b) makes Civil Rule 12(b) applicable in adversary proceedings.

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted).

Importantly, we may use judicially noticed facts to establish that a complaint does not state a claim for relief, see *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007), and we properly can take judicial notice of documents filed in Taylor's underlying bankruptcy case. *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir.1989). The Panel also may consider exhibits attached to and referenced in the complaint. *Stengel v. Medtronic Inc.*, 676 F.3d 1159, ___, 2012 WL 1255040, at *7 (9th Cir. 2012); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

**B.  Merits of Appeal**

Section 524 governs the effect of a discharge in bankruptcy. In relevant part, this section specifies that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset" a discharged debt. In turn, § 523 governs the dischargeability of particular types of debt, and § 523(a)(8) specifically provides that most types of student loan debt are nondischargeable unless the nondischargeability of that debt would cause the debtor undue hardship. As this Panel previously has explained, § 523(a)(8) "furthers congressional policy to ensure that such loans, extended solely on the basis of the student's future earnings potential, cannot be discharged by recent graduates who then pocket all of the future benefits derived from their education." *Nys v. Educ. Credit Mgmt. Corp.*

6

(In re Nys), 308 B.R. 436, 441 (9th Cir. BAP 2004).

Taylor contends that his student loan debt was discharged under § 523(a)(8), and that the Appellees violated the Discharge Order, which enjoined them from attempting to collect the discharged debt.[7] Taylor's contention hinges on a single assumption: that he previously obtained a determination that his student loans were dischargeable under § 523(a)(8). In assuming that the bankruptcy court previously determined the dischargeability of his student loans, Taylor relies on the Discharge Order. According to Taylor, the Discharge Order on its face provided for the discharge of all of his student loan debt. Taylor in essence claims that, by using the Official Form 18 discharge order in effect between 1991 and 1997 ("Old Official Form") instead of the Official Form 18 discharge order in effect thereafter ("New Official Form"), the bankruptcy court granted him a broader discharge that included a discharge of his student loan debt.[8]

Taylor's claim is refuted by the Advisory Committee Notes ("Notes") accompanying Official Form 18. The Notes make it clear that no substantive change in the scope of the discharge was

_____

[7]According to Taylor, some of his student loans were "HEAL" loans, which are governed by 42 U.S.C. § 292f(g), instead of § 523(a)(8). We discuss Taylor's HEAL loans below, at the conclusion of our discussion of Taylor's non-HEAL student loans.

[8]Rule 4004(e) directs bankruptcy courts to issue discharge orders conforming to the official form. Apparently, at the time the bankruptcy court granted Taylor's discharge in 1999, it had not yet switched over from the Old Official Form to the New Official Form. However, as explained below, the use of the Old Official Form did not substantively alter the scope of Taylor's discharge.

7

intended by the 1997 amendment of Official Form 18. Rather, the Notes explain that the amendments were made to simplify the form and to make the preexisting meaning, scope and effect of the standard bankruptcy discharge more understandable:

> The discharge order has been simplified by deleting paragraphs which had detailed some, but not all, of the effects of the discharge. These paragraphs have been replaced with a plain English explanation of the discharge. This explanation is to be printed on the reverse of the order, to increase understanding of the bankruptcy discharge among creditors and debtors.

Advisory Committee Note accompanying the 1997 amendment of Official Form 18 (West 2011).[9]

In any event, the language in the Old Official Form simply is not susceptible to Taylor's interpretation. Taylor argues that the following text from that form should be construed as discharging his student loans:

> 1. The above-named debtor is released from <u>all dischargeable debts</u>.
>
> 2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
>
> (a) debts <u>dischargeable</u> under 11 U.S.C. § 523; . . . .

Old Official Form (West 1997) (emphasis added). Taylor's argument apparently is based on the following logic: the language of the Old Official Form provided for the discharge of all "dischargeable" debts, and his debt was dischargeable under § 523(a)(8) because he had proven by way of his Discharge

---

[9]Indeed, the New Official Form's plain-language explanation makes it abundantly clear that "[d]ebts for most student loans" generally are nondischargeable in chapter 7. <u>See</u> reverse side of Official Form 18 (West 2011).

8

Declaration that excepting his student loan debt from discharge would cause him undue hardship. But Taylor's logic flies in the face of the plain and well-accepted meaning of § 523(a)(8). It is beyond cavil that student loan debt covered by § 523(a)(8) is nondischargeable, unless and until the debtor obtains the bankruptcy court's determination that such debt is dischargeable based on a court finding of undue hardship. As one leading bankruptcy treatise explained:

> Section 523(a)(8) is the "hardship" provision, which allows the court to discharge an otherwise nondischargeable student loan if excepting the debt from discharge will impose an undue hardship on the debtor or the debtor's dependents. This exemption from the exception to discharge requires the bankruptcy judge to determine whether payment of the debt will cause undue hardship on the debtor and his dependents, thus defeating the "fresh start" concept of the bankruptcy laws. There may well be circumstances that justify failure to repay a student loan, such as illness or incapacity. When the court finds that such circumstances exist, it may order the debt discharged.
>
> The Supreme Court has stated that section 523(a)(8) is "self-executing" and that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." In other words, student loan debt remains due until there is a [court] determination that the loan is dischargeable.

4 Collier On Bankruptcy ¶ 523.14[2] (Alan N. Resnick and Henry J. Sommer eds. 16th ed. 2011) (emphasis added) (quoting Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 450 (2004)).

Taylor never obtained a bankruptcy court finding that his student loan debt would impose upon him undue hardship or a court determination that his student loans were exempt from the exception to discharge covering his student loans. Taylor apparently believes that the Old Official Form included an exemption from the general nondischargeability of student loan

9

debt and an implicit finding that excepting the student loan debt from discharge would cause undue hardship. But we simply cannot and will not read into the Old Official Form such an exemption and finding, particularly when neither the exemption nor the finding are apparent on the face of the form. To accept Taylor's view would stand § 523(a)(8) on its head, and undermine the plain meaning and purpose of the statute.

Taylor also claims that, under <u>United Student Aid Funds, Inc. v. Espinosa</u>, 130 S.Ct. 1367 (2010), this court should hold that his student loan debts were discharged. But <u>Espinosa</u> does not help Taylor. Taylor would have us hold that a confirmed chapter 13 plan providing for the discharge of student loan debt (as was at issue in <u>Espinosa</u>) is the functional equivalent of the Discharge Declaration he attached to his chapter 7 petition. But there is no equivalency between his Discharge Declaration and a confirmed chapter 13 plan. As <u>Espinosa</u> explained, a proposed chapter 13 plan becomes effective when the bankruptcy court enters an order confirming that plan, "and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires . . . ." <u>Id.</u> 1374 (citing §§ 1324, 1325, 1328(a)).

Taylor has not cited us to any statute or rule that would give his Discharge Declaration a legal effect similar to a confirmed plan. Nor are we aware of any. The key here is that the bankruptcy court never took any judicial action granting the request Taylor made "for discharge of [his] student loan debts." Discharge Declaration (Nov. 30, 1998) at ¶ 19.

Taylor's other arguments on appeal similarly lack merit.

10

All of them are based on the premise that he obtained a finding of undue hardship and a determination of nondischargeability, which he did not, as we have held above.[10]

In sum, nothing in the Discharge Order or elsewhere in the record would have allowed the bankruptcy court, or this Panel on appeal, to conclude that Taylor's student loan debt had been discharged. The discharge injunction under § 524 thus did not apply to Taylor's student loan debt, so there was no violation of a court order on which the bankruptcy court could have held the Appellees in contempt. Accordingly, the bankruptcy court did not err in denying Taylor's Contempt Motion.

**C. Other Matters**

   **1. HEAL Loans**

The parties' papers indicate that at least some of Taylor's student loans were lent to him under the Health Education Assistance Loan Act ("HEAL"). HEAL loans are subject to even more stringent requirements before they can be discharged in bankruptcy. See 42 U.S.C. § 292f(g);[11] see also 4 Collier On

---

[10]The parties and the bankruptcy court spent a great deal of time and effort discussing the procedures that should be utilized to obtain a discharge of student loan debt and also discussing the nature and extent of notice that must be given. But these issues are irrelevant to our analysis and resolution of this appeal. No amount of notice given and no procedure followed changes the dispositive fact that the bankruptcy court never made a finding of undue hardship and never granted Taylor's request for a discharge of his student loans.

[11]42 U.S.C. § 292f(g) provides:

(g) Conditions for discharge of debt in bankruptcy
Notwithstanding any other provision of Federal or State
(continued...)

11

Bankruptcy, supra, at ¶ 523.14[7].

Taylor argued both in the bankruptcy court and on appeal that, under the differing standards and rules applicable to HEAL loans, they are subject to discharge unless the HEAL creditor takes affirmative action in the debtor's bankruptcy case. In effect, Taylor claims that the nondischargeability of HEAL loans, unlike other student loans, is not self-executing. Again, Taylor has it wrong. The nondischargeability of HEAL loans is self-executing, just like other student loans. See U.S. v. Wood, 925 F.2d 1580, 1582-83 (7th Cir. 1991). In other words, HEAL loans are not dischargeable in bankruptcy, unless the bankruptcy court determines that the debtor has pleaded and proven all three of the requirements for discharge set forth in 42 U.S.C. § 292f(g). See, e.g., Woody v. U.S. Dep't of Justice (In re Woody), 494 F.3d 939, 955 (10th Cir. 2007) (holding that debtor's HEAL loans were not dischargeable because debtor had not met his

---

[11](...continued)
law, a debt that is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under any chapter of Title 11, only if such discharge is granted--

(1) after the expiration of the seven-year period beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan is suspended;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

12

burden of proof to establish one of the elements necessary to enable the court to discharge a HEAL loan – unconscionability); Rice v. United States (In re Rice), 78 F.3d 1144, 1150-52 (6th Cir. 1996) (same).

In short, regardless of whether Taylor's student loans were HEAL Loans, our analysis and resolution of this appeal does not change. The Appellees have not violated the discharge injunction, so the bankruptcy court properly denied Taylor's Contempt Motion.

**2. Equity and § 105(a)**

Taylor also has claimed that, under general principles of equity and § 105(a), this Panel should hold that the Discharge Order discharged his student loan debt. But neither equity nor § 105(a) entitle either this Panel or the bankruptcy court to depart from the result mandated by statute. Both the bankruptcy court and this Panel must exercise their authority within the confines of the laws that Congress has enacted. See Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman), 325 F.3d 1168, 1175 (9th Cir. 2003) (holding that bankruptcy court's equitable powers and § 105(a) do not give court "roving commission to do equity" when determining the dischargeability of student loans; rather, the court must satisfy itself that the requirements of § 523(a)(8) have been met); see also In re Rice, 78 F.3d at 1151 (holding that neither "equity" nor § 105(a) permit a bankruptcy court to deviate from Congress's statutory scheme governing the nondischargeability of student loans).

**3. Taylor's In Forma Pauperis Status**

On November 14, 2011, a BAP motions panel issued an order

13

transferring this appeal under Ninth Circuit BAP Rule 8001(e)-1 to the United States District Court for the Eastern District of California ("District Court") for the limited purpose of obtaining a ruling from the District Court on Taylor's application to proceed in forma pauperis. In response, on November 15, 2011, the District Court entered an order granting Taylor's in forma pauperis request, thereby effectively waiving the requirement that Taylor pay the $298 fee for filing his appeal.

Subsequently, on December 1, 2011, the bankruptcy court issued a certification under 28 U.S.C. § 1915(a)(3) stating that this appeal is frivolous and was not taken in good faith. Appellees claim in their appeal brief that, in light of the bankruptcy court's certification, "Taylor cannot proceed in forma pauperis and the appeal must be dismissed." We disagree. Regardless of the bankruptcy court's belated certification, we have no jurisdiction or authority to review the District Court's order granting Taylor in forma pauperis status. In other words, even if we were to assume that the District Court improvidently granted in forma pauperis status to Taylor, we are in no position to either ignore or second-guess the District Court's decision.

The Appellees also suggest that, under 28 U.S.C. § 1915(e)(2), this Panel should dismiss Taylor's appeal. Again, we disagree. The Panel has no authority or duties under 28 U.S.C. § 1915 because it is not a "court of the United States" within the meaning of 28 U.S.C. § 451. See Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 496 (9th Cir. BAP 1995); Perroton v. Gray (In re Perroton), 958 F.2d 889, 896 (9th Cir. 1992).

14

In any event, our affirmance of the order on appeal renders moot Appellees' arguments for dismissal of this appeal.

**4.   Modification Of Dismissal Order**

At the outset of its memorandum decision, the bankruptcy court made a statement that arguably could lead one to conclude that the court treated Taylor's Contempt Motion as a complaint to determine the dischargeability of his student loan debt:

> This court has construed the action to be in the nature of seeking a determination whether student loan debts exceeding $435,000 are excepted from discharge by virtue of 11 U.S.C. § 523(a)(8).

Mem. Dec. (Sept. 16, 2011) at p. 1.

However, nothing else in its memorandum decision indicates that the bankruptcy court actually treated the Contempt Motion as a dischargeability action.  In fact, later on in its memorandum decision, the court made the following statement inconsistent with its earlier construction of the Contempt Motion:

> This court has located no case where a debtor has been permitted to maintain [a nondischargeability] action more than ten years after the bankruptcy case was filed.  If such an action were to be filed by the debtor in this case, the facts asserted in the unsigned declaration that was appended to the debtor's petition, schedules, and statement of financial affairs would be largely irrelevant.  Thus, even if this action were construed as an action under § 523(a)(8), it would need to be dismissed.

Mem. Dec. (Sept. 16, 2011) at pp. 6-7 (emphasis added). Similarly, in its December 1, 2011 certification under 28 U.S.C. § 1915(a)(3), the bankruptcy court stated that Taylor never presented for judicial decision the question of whether his student loans should be discharged under § 523(a)(8).

We also note that Taylor himself strenuously argued on

15

appeal that his Contempt Motion was <u>not</u> a complaint to determine dischargeability of debt. We agree with Taylor on this point. We know of no reason why the Contempt Motion should be construed as anything other than what it purported to be on its face.

Notwithstanding the initial statement in the bankruptcy court's memorandum decision, based on a fair reading of the entire record, we conclude that the bankruptcy court did not treat and dispose of the Contempt Motion as an action to determine the dischargeability of Taylor's student loan debt.

Nonetheless, the initial language in the memorandum decision, when read in conjunction with the broad dispositive language in the bankruptcy court's order dismissing the Contempt Motion, raises the concern that the bankruptcy court's dismissal order erroneously could be construed as a dismissal of a nondischargeability action. We thus consider it appropriate to modify the bankruptcy court's dismissal order to clarify that it should not be construed as the dismissal of a nondischargeability action. <u>See</u> Rule 8013 (authorizing this Panel to modify bankruptcy court orders and judgments). Accordingly, we hereby order that the bankruptcy court's dismissal order, entered September 19, 2011, shall be and is MODIFIED to include the following statement: "This order shall not be construed as the dismissal of a nondischargeability action."

**CONCLUSION**

For the foregoing reasons, we MODIFY the bankruptcy court's dismissal order as set forth above, and as modified, we AFFIRM.

16